THE STATE, RICHARD STANLEY ET AL., PROSECUTORS,
v. THE BOARD OF CHOSEN FREEHOLDERS OF THE
COUNTY OF PASSAIC ET AL.

A party whose rights are to be directly affected by official action which is
judicial in its character, is entitled to have an opportunity afforded
him of being heard in relation thereto before such action is taken.

On *certiorari.*

Argued at February Term, 1897, before Justices GARRISON and GUMMERE.

For the prosecutors, *William Nelson.*

For the defendants, *De Witt C. Bolton* and *John W. Harding.*

The opinion of the court was delivered by

GUMMERE, J.   The board of chosen freeholders of Passaic county having advertised for proposals for the doing of the

masonwork upon a bridge which they were about to construct over the Passaic river at Hilary street, in the city of Paterson, awarded the contract for the same to the prosecutors, Stanley and Shire, the lowest bidders therefor. The resolution awarding the contract was passed on the 13th of May, 1896, and contained a proviso that the prosecutors should furnish a bond satisfactory to the director of the board.

On the 2d of June, 1896, the board passed another resolution, which, after reciting that Stanley and Shire had failed to sign the contract awarded to them and to furnish a satisfactory bond, awarded the contract for the masonwork on the bridge to one Adam Wentink, who was the next lowest bidder. This latter resolution was adopted with a proviso that it should be operative only in case the counsel of the board should consider the proposed action legal.

Subsequently, and with the approval of the counsel of the board, the resolution was acted upon, and a contract was entered into with Mr. Wentink for the doing of the proposed work.

The prosecutors now seek to review the action of the board depriving them of their contract and awarding it to another, on the ground that such action was taken without notice to them, and without affording them an opportunity to be heard in the matter, and is, for this reason, illegal.

It is urged, on behalf of the board of freeholders, that they were justified in pursuing the course adopted by them because the prosecutors, although afforded ample time for doing so (as is alleged), failed to give a satisfactory bond as required by the resolution awarding the contract to them, and failed also to sign the contract which was presented to them for their signatures. It is also insisted that the board had the legal right to take such action without notice to the prosecutors and without giving them an opportunity to be heard in relation thereto.

It cannot be denied that failure on the part of the prosecutors to give a satisfactory bond or to sign the contract within a reasonable time, unless a valid excuse for such failure existed,

would have warranted the board in rescinding the resolution awarding the contract to the prosecutors, and in awarding it to Wentink, but we cannot agree to the proposition that it had the legal right to do so without first affording the prosecutors an opportunity to be heard. Unless by their conduct they had lost their rights, they were entitled to do the mason-work on the bridge and to the profits arising therefrom. Whether or not they had forfeited their rights was a question which could be determined by the board only by the exercise of a *quasi*-judicial function. That a party whose rights are to be directly affected by official action is entitled to have an opportunity afforded him of being heard in relation thereto before action is taken, whenever such action is judicial in its character, is entirely settled in this court. *Vanatta* v. *Morristown*, 5 *Vroom* 445 ; *Traction Company* v. *Board of Works*, 27 *Id.* 431; *Connolly* v. *Freeholders*, 28 *Id.* 286.

Our conclusion is that because the action of the board of freeholders was taken without notice to the prosecutors and without an opportunity to be heard with regard to their alleged laches in signing the contract and in giving a satisfactory bond for its performance, the proceedings brought up for review should be set aside.