68    97
68    96
68    451

## CHARLES W. BOWLBY, PROSECUTOR, v. THE CITY OF DOVER ET AL.

Argued February 18, 1902—Decided June 9, 1902.

1. Proceedings for the removal of officials, under statutes entitling them to a hearing before they can be removed, are judicial in character, and, in such cases, persons to be affected by such official action are entitled to be heard in relation thereto before action is taken.
2. Where a hearing is given by the statute, and the body charged with giving it has acted without it or refused it, the proceedings will be set aside.

---

On *certiorari* to bring up resolution of city council of Dover removing the prosecutor from the office of chief of police.

Before Justices FORT, HENDRICKSON and PITNEY.

For the writ, *Joseph A. Beecher.*

For the defendants, *James H. Neighbour.*

The opinion of the court was delivered by

Fort, J. The proceedings of the common council in this case are without legal force. The prosecutor was appointed chief of police of the city of Dover May 17th, 1897, for three years. He assumed his duties June 1st, 1897, and was in the performance of his official duties on February 14th, 1898, when the city council took the following action: "The police committee reported having made an investigation of the doings of the chief of police, stating that it was their opinion that the present incumbent should be removed for the benefit and welfare of the city, recommending that such action be taken. The report was received and placed on file and the recommendation therein adopted."

There had been no trial of the chief upon formal charges upon which testimony was taken either by the common council or the police committee. The statute which authorized his removal for cause was not complied with. By the city charter of Dover, under which they were then assuming to act, he was entitled to have formal charges made upon which he should have a hearing, as also by the general statutes. *Pamph. L.* 1895, *p.* 506, §§ 24, 42; *Gen. Stat., p.* 1534.

Where a statute limits the power of removal to cases in which cause is shown, that entitles the official to a hearing upon specific charges or causes for removal. Such charges must be substantiated by proof. If there be charges and proof the court will not review or overrule the municipal action. If there be charges but no proof, the action is void. Nor will the court weigh the evidence upon which the prosecutor was found guilty, if it formed a rational basis for the judgment against him. *Ayers* v. *Newark,* 20 *Vroom* 170; *Ackerly* v. *Jersey City,* 25 *Id.* 310; *Cavanagh* v. *Police Commissioners,* 30 *Id.* 412.

Where a hearing is given by the statute, and the body charged with giving it has acted without it or refused it, the proceedings will be set aside. *Dodd* v. *State Board of Health,* 38 *Vroom* 463.

Proceedings for the removal of officials under statutes entitling them to a hearing before they can be removed, are ju-

dicial in character, and, in such cases, persons to be affected by such official action are entitled to be heard in relation thereto before action is taken. *Stanley* v. *Passaic,* 31 *Vroom* 392; *Douglass* v. *Jersey City,* 24 *Id.* 118.

If there was any proof in the record of a hearing upon charges and of the taking of evidence, showing a basis for the removal of the prosecutor, we should not disturb the action taken in this case; but not only were no proofs returned, but it was not even claimed that any were taken.

The proceedings in this case were illegal and they are set aside, with costs.