CATHERINE DEACY *v.* HUBERT McDONNELL ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and WYNNE, Js.

Argued April 5—decided June 15, 1944.

*Walter T. Walsh,* for the appellants (defendants).

*H. Allen Barton,* for the appellee (plaintiff).

MALTBIE, C. J. On December 31, 1938, in the evening, the plaintiff went to call upon her sister, a domestic servant in the home of the defendants. The visit was made in the sister's bedroom on the second floor of a portion of the defendants' house which was used as servants' quarters. The plaintiff left the room some time after 9:30 at night. The lights on the first floor and porch of the building were not lighted. In passing through a door to the porch she fell, owing to her failure to realize that there was a step down from the doorway to the floor of the porch. She brought this action to recover damages for the injuries she suffered and recovered judgment, from which the defendants have appealed.

The finding, with one correction to which the defendants are entitled, presents these additional facts material to the issues before us. On the night in question, the defendants were not at home; the butler and his wife had also gone out; and the plaintiff's sister, the cook and the defendants' young son were the only persons in the house. The defendants had left the house in the charge and custody of the two servants. The cook had turned out all the downstairs lights at about 9:15, under instructions from Mrs. McDonnell to do this when she went upstairs. The cook, in her room across the hall, heard the plaintiff's voice in her sister's room; both the plaintiff's sister and the cook knew of her presence; and while the cook did not know when the plaintiff left, her sister must have known. On four previous occasions the plaintiff had visited her sister in the servants' quarters of the house. It is the custom and general rule in the employment of household servants that they have the privilege of having social visitors

in their quarters during their leisure hours; this custom was fully understood and accepted by the defendants; and their servants habitually exercised the privilege.

The trial court concluded: The plaintiff was, as regards the defendants, an invitee; the premises were not in a reasonably safe condition for her when she left, because of the failure to have the entrance lighted; the premises were in the custody and control of the servants in the house, and they were bound to take all precautions to prevent danger to her that the law imposed on the defendants; they were negligent in failing to turn on the lights or warn her of the danger from the step at the door when they knew that otherwise she would have to grope her way out in the dark; and she was not guilty of contributory negligence. Much of the argument before us has been addressed to the conclusion of the trial court that the plaintiff was an invitee. Even if we assume for the purposes of this decision that, as the defendants claim, she was a licensee, the other conclusions of the trial court are sufficient to sustain the judgment, and its ruling that she was an invitee may be disregarded. *Eastern Oil Refining Co.* v. *Court of Burgesses,* 130 Conn. 606, 611, 36 Atl. (2d) 586.

The general rule is that "A landowner is under no duty to refrain from using his premises in any way he sees fit because he has permitted another to go upon them as his licensee, even though thereby conditions are created which cause danger of injury to the licensee"; *Olderman* v. *Bridgeport-City Trust Co.,* 125 Conn. 177, 182, 4 Atl. (2d) 646; and that "An owner of land ordinarily owes no duty to a licensee, any more than he does to a trespasser, to keep his premises in a safe condition because the licensee or trespasser must take the premises as he finds them and assumes

the risk of any danger arising out of their condition." *Hayes* v. *New Britain Gas Light Co.,* 121 Conn. 356, 357, 185 Atl. 170. When, however, the presence of a licensee upon the property of another becomes known to the owner, the latter may owe to him a duty not to subject him to danger. In most of our cases where we have held that to be so, the injury resulted from the defendant engaging in some activity in the exercise of which the plaintiff might be endangered. *Pomponio* v. *New York, N. H. & H. R. Co.,* 66 Conn. 528, 538, 34 Atl. 491; *Pigeon* v. *Lane,* 80 Conn. 237, 241, 67 Atl. 886; *Kalmich* v. *White,* 95 Conn. 568, 571, 111 Atl. 845; *Dickerson* v. *Connecticut Co.,* 98 Conn. 87, 91, 118 Atl. 518; *Voltz* v. *Orange Volunteer Fire Assn., Inc.,* 118 Conn. 307, 309, 172 Atl. 220; *Hayes* v. *New Britain Gas Light Co.,* supra; *Olderman* v. *Bridgeport-City Trust Co.,* supra; Restatement, 2 Torts, § 341. But the owner of premises may also be under a duty to warn a licensee of whose presence he becomes aware of dangerous conditions which the owner knows but which he cannot reasonably assume that the licensee knows or by a reasonable use of his faculties would observe. *Ward* v. *Avery,* 113 Conn. 394, 396, 155 Atl. 502; see *Mersey Docks & Harbour Board* v. *Proctor,* [1923] A. C. 253, 274; *Herold* v. *P. H. Mathews Paint House,* 39 Cal. App. 489, 492, 179 Pac. 414; *Brinilson* v. *Chicago & N. W. Ry. Co.,* 144 Wis. 614, 619, 129 N. W. 664; *Rollestone* v. *Cassirer,* 3 Ga. App. 161, 167, 59 S. E. 442; Restatement, 2 Torts, § 342; Winfield, Law of Torts (2d Ed.), p. 622; Harper, Torts, p. 222.

In the situation before the court, the servants represented the defendants as regards the plaintiff's visit to the premises; the knowledge of her presence, which they had, and of her proceeding to leave with the entranceway unlighted, which the sister had, was in

effect the knowledge of the defendants; and, as the trial court states in its conclusions, the servants were obligated to take such precautions to prevent injury to the plaintiff as the defendants should have taken had they been present. It was for the trial court to determine as a question of fact whether the situation was or was not one in which the servants could reasonably assume that the plaintiff knew or by the reasonable use of her senses would discover the step down to the porch and which, therefore, fell within the principle under which an owner is bound to take precautions to protect a licensee of whose presence he knows against a dangerous condition upon the premises. It could reasonably reach the conclusions that it was the servants' duty either to turn on the lights or warn her of the danger created by the step and that, for their breach of that duty, the defendants are responsible. These conclusions are sufficient to sustain the ruling that there was a breach of the duty which the defendants owed the plaintiff.

The defendants claim, however, that the plaintiff was guilty of negligence as matter of law. They base this upon the fact of her previous visits to the premises, and the further findings that on the night in question, in going to her sister's room, she had followed the same course as she did when she was leaving; that she knew that the stairway and entrance were unlighted; and that she asked for no light and did not use a match or flashlight but proceeded to grope her way in the dark. That on previous visits she had seen the step at the doorway and had passed over it when she entered the building on the night in question would not in itself convict her of negligence in not remembering it and taking special precautions to avoid a fall because of it. *Johnson* v. *Pulidy,* 116 Conn, 443, 447, 165 Atl. 355. It is not without significance that she almost

succeeded in leaving the house in safety, and very likely would have done so had it not been for the step. We must hold here, as we have in other similar cases, that the question whether she was guilty of contributory negligence was one of fact, for the trial court to determine. *Gibson* v. *Hoppman,* 108 Conn. 401, 404, 143 Atl. 635; *Burk* v. *Corrado,* 116 Conn. 511, 514, 165 Atl. 682; *L'Heureux* v. *Hurley,* 117 Conn. 347, 359, 168 Atl. 8; *Ballou* v. *Jewett City Savings Bank,* 128 Conn. 527, 532, 24 Atl. (2d) 260. Its conclusion that she was not negligent must stand. The single ruling on evidence presented in the finding, that certain evidence would be admitted, affords nothing for our consideration, because neither the question asked, nor the answer, if any, is stated. Practice Book, § 359; Conn. App. Proc., § 87.

There is no error.

In this opinion JENNINGS, DICKENSON, and WYNNE, Js. concurred.

BROWN, J. (concurring). I agree in the result on the ground that the trial court was correct in its conclusion that the defendants are liable to the plaintiff as an invitee.