## Mariano DeSantis v. The New England Furniture Company, Inc.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued March 8—decided May 17, 1945.

*Samuel Gordon and Lazarus S. Heyman,* for the appellant (plaintiff).

*Francis J. Moran,* with whom was *John E. McNerney,* for the appellee (defendant).

Ells, J. The defendant owns a building on Main Street in Danbury on the ground floor of which he conducts a retail furniture store. On the sidewalk line there are two show windows separated by a recessed lobby or entranceway which runs back a considerable distance to the entrance door of the store. The lobby is not open to the sky; its ceiling is the second floor of the building. There are show windows on both sides of the lobby. The plaintiff claimed that he slipped and fell because of the defective condition of the floor of the lobby and was seriously injured. The defendant offered no evidence. The jury returned a verdict for the defendant, and the plaintiff has appealed.

An important issue was the status of the plaintiff and the duty which the defendant owed to him. His claims of proof were that he entered the lobby at about 6:25 o'clock on the morning of March 3, 1943, for the purpose of waiting for the 6:30 bus to take him to work. It had been snowing almost continuously since midnight, and the surface of the lobby floor for a distance of about three feet in from the sidewalk was covered with wet snow. It was dark, and the store was not open. While waiting for the bus, he walked about the lobby and looked at the display of furniture in the dimly lighted show windows. He had been in the store on previous occasions and had purchased furniture there. While walking out of the entranceway toward the sidewalk, he slipped on the snow, which covered the lobby floor, at a point about three feet from the sidewalk, fell, and was injured.

The court instructed the jury that the plaintiff was either an invitee, a licensee or a trespasser; that an invitee is one who expressly or impliedly has been

invited to enter the premises of another and naturally assumes that they are in a reasonably safe condition; that this in turn implies a duty on the part of the occupant to keep the premises reasonably safe for the invitee's use. "In the case of a licensee or trespasser, however, he must take the premises as he finds them and assumes the risk of any danger arising out of their condition. As between the licensee and the trespasser the distinction is that one in control of the premises is deemed to anticipate the presence of the licensee, but he is under no duty whatever to anticipate and provide for the presence of the trespasser." Having given these brief instructions, the court said that it was for the jury to decide as a question of fact which classification the plaintiff occupied and then, in deciding whether or not the defendant used reasonable care, to apply the test it had given for one who was in the plaintiff's status. At the conclusion of the charge, the plaintiff's attorney objected to this portion of it.

The court should not have submitted to the jury any question as to the plaintiff's being a trespasser; in submitting to them the issue of fact as between his being an invitee and a licensee, it gave them no adequate basis upon which to determine the matter; and it did not adequately charge as to the defendant's duty to the plaintiff if the latter was a licensee. Our law as to the duty to a licensee, as it now stands, will be found in *Olderman* v. *Bridgeport-City Trust Co.*, 125 Conn. 177, 182, 4 Atl. (2d) 646; *Deacy* v. *McDonnell*, 131 Conn. 101, 104, 38 Atl. 181. There was material error in this portion of the charge.

For a distance of approximately twelve feet back from the sidewalk, the floor of the lobby rises one and one-eighth inches for each foot. The plaintiff offered expert evidence that this constituted a steep incline;

that in building and designing store lobbies and vestibules, it is not good building practice to construct them with that degree of slope; that it would be safe during dry weather, but during inclement weather it would not be safe because of the incline; and that it would be slippery "in times of inclement weather or, rain or snow." This slope had existed for many years.

The court charged that "reasonable care would not require the defendant to remedy a condition of which it had not had notice a sufficient length of time in advance to correct it or to safeguard against it." It gave an adequate charge on the general question of notice and, after reviewing the pleadings and the applicable evidence, said that "The combination of circumstances, as I have already explained to you, that is, the snow and ice on that sloping surface, is the condition of which the plaintiff is here complaining. Consequently, you should base no finding upon the length of time which the slope alone had existed but only consider the length of time which that slope with the ice and snow as described in the complaint, if you find that they existed, had been there." The plaintiff's attorney duly objected to this portion of the charge, and particularly to the last sentence quoted above.

The jury during its deliberation asked the court: "We would like to know if we are to take into consideration just the fact of the newly fallen snow or to take into consideration the fact that the defendant should have known that this type of floor was apt to be slippery when wet and did not take precaution to prevent it?" The court replied: "Of course you should not take into account just the fact of the newly fallen snow. The newly fallen snow is one of the circumstances creating the condition which you will consider. Now, if the snow upon this type of floor actually caused a slippery condition which this defendant rea-

sonably should have known about, then you still have the question as to whether the interval of time between the falling of the snow and the happening of the accident, and the hour and other circumstances were such that the defendant reasonably should have done something to correct the condition. In other words, you are to consider whether the circumstances required, between the start of the snowfall and the accident, some action upon the part of the defendant to safeguard against this accident."

The complaint alleged that the floor of the lobby was covered with snow and ice and was slippery and defective and that it was steeply inclined. The trial court was justified in treating the incline of the floor as merely a condition and regarding the snow and ice on it as the defect upon which the plaintiff relied as the cause of his injury. "To charge the property owner with liability, the notice must be 'of the defect itself which occasioned the injury, and not merely conditions naturally productive of that defect and subsequently in fact producing it.'" *Drible* v. *Village Improvement Co.*, 123 Conn. 20, 23, 192 Atl. 308. However, the greater the likelihood of danger, the greater is the amount of care required of the landowner in the exercise of the duty of reasonable inspection of his premises. Thus, in such a case as this, the jury might well find that if snow accumulated upon the sloping floor of the entranceway it would be more apt to produce and to produce more quickly a dangerous condition than would result had the floor been level, and, in determining whether the defendant had implied notice of the defect because reasonable inspection would have disclosed it, this would be a factor to be considered by them. The plaintiff himself claimed that the construction was not dangerous; it became so only when covered by snow or ice. The alleged defect which

caused the injury was the combination of the two. It was that defect of which the defendant must have had notice. Upon the allegations of the complaint and the claims of proof, the charge complained of was reasonably adequate.

As the questions raised in the assignments of error as to rulings on evidence are not likely to arise upon a new trial, we do not discuss them.

For the reasons given in the early part of this opinion, there is material error in the portion of the charge there discussed.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.