EDWARD L. MARKEE [BERYL F. MARKEE, ADMINISTRA-
TRIX, SUBSTITUTED PLAINTIFF] *v.* MARGARET T.
TURNER [MABEL A. TURNER, ADMINISTRA-
TRIX, SUBSTITUTED DEFENDANT] ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued January 6—decided February 16, 1954

*Henry B. Armstrong,* with whom, on the brief, was *Warren Maxwell,* for the appellants (defendants).

*Thomas J. Hagarty,* for the appellee (plaintiff).

O'SULLIVAN, J.  Edward L. Markee brought this action to recover damages for personal injuries alleged to have been caused by his slipping on the ice-coated floor of a porch under the control of the three defendants.  While the action was pending, Markee and the first named defendant died.  In each instance an administratrix was substituted for the deceased party.  The case was tried to the jury, who returned a verdict in favor of the plaintiff administratrix.  The court refused to set it aside and the defendants have appealed, their basic claim being that the defective condition had not existed long enough to charge them with constructive notice of its existence.

The propriety of the court's refusal to set the verdict aside is tested by the evidence most favorable to the plaintiff.  *Sanderson* v. *Bob's Coaster Corporation,* 133 Conn. 677, 678, 54 A.2d 270; Maltbie, Conn. App. Proc., p. 152.  Evidence of that nature would reasonably have permitted the jury to find the following facts:  On February 12, 1950, and for a long time prior thereto, the defendants owned a two-family dwelling on Broad Street, Hartford. A walk ran from the sidewalk to a stairway of three steps which led to a covered porch extending along the front of the dwelling.  From the porch, entrance doors gave access to the two apartments.  There was no handrail on either side of the stairway.  An electric light fixture was suspended from the porch ceiling at a point opposite the wall between the entrance doors.  The stairway and the porch were common to the two apartments and were under the control of the defendants.

On Sunday morning, February 12, 1950, Markee, in the course of his employment as a driver for the Yellow Cab Company, responded to a telephone call

from one of the defendants, who wanted to be taken to St. Patrick's Church. Markee reached the house at approximately 6:45 a.m. After getting out of the cab, he walked to the defendants' front door to let them know that he had arrived. It was then very foggy and dark. If the light in the porch ceiling had been lighted, it would have helped Markee to see his surroundings better. Before he rang the bell he saw a woman inside the house coming toward the door. He then turned to go back to his cab, and as he did so he slipped on a film of unsanded ice covering the part of the porch over which he was proceeding. As a result of slipping, he fell down the stairs to the walk. When he recovered consciousness, which he had lost, he was lying on his back and the defendant who had sent for the cab was trying to help him up. After he got to his feet, he put his hand on the porch floor and felt a thin coat of ice. When he called this condition to the attention of his prospective passenger, she went back into the house and returned with some sand, which she scattered over the icy part of the porch and the steps. Markee then took her to church. Later that day he gave up work because of the pain in his back. He died while the action was pending, but his death was not related in any manner to the fall mentioned above.

Precipitation having a water equivalent of .40, .03 and .03 inches fell on February 9, 10 and 11, respectively. On February 11, the temperature was in the low thirties except for a few hours in the afternoon. At 3:20 p.m. on that day, the thermometer reached 40 degrees. It then declined until it read 32 degrees at 6:20 p.m. At that time there was no snow, sleet, ice or hail on the ground. The temperature continued to remain below the freezing point until after Markee had fallen. Fog set in

about 8:25 p.m. on February 11 and remained until 10:20 a.m. on the following day. The film of ice on the defendants' porch was due to the fog's freezing.

The defendants concede that they owed Markee the duty of exercising reasonable care to keep in a reasonably safe condition the part of their premises which they might reasonably have anticipated he would use upon his arrival with his cab. *Adams* v. *Mohican Hotel,* 124 Conn. 400, 402, 200 A. 336. The jury could reasonably have found that this anticipation embraced Markee's use of the stairs and porch as a means of getting to the front door for the purpose of notifying his prospective passenger that he was ready to take her to church. See *Guilford* v. *Yale University,* 128 Conn. 449, 454, 23 A.2d 917. The defendants further concede that a film of ice covered the porch in front of their doorway when Markee came to ring the bell and that the presence of this ice created a dangerous condition for him. Their only claim is that there was no evidence from which the jury could reasonably have found that the ice had existed for such a length of time that the defendants would have discovered it through the use of reasonable care.

If the presence of ice upon the porch were the sole ground of negligence alleged, proved and relied on, there might be a serious question whether the verdict could be supported. To hold the defendants liable on the ground that, as ordinarily prudent persons, they should have known of the unusual weather occurring during the night season and that it created a film of ice upon their front porch might be to impose upon them the status of insurer. Reasonable care would indeed place a heavy burden upon the owner of realty if, to meet that burden, he was required to inspect his property for a sudden deposit

of fog freeze during the winter season just before the milkman arrives, let us say, at 5 o'clock in the morning. But we need not reach any decision on the precise claim advanced by the defendants.

The reason is obvious. The complaint set forth specifications of negligence besides that of failing to remedy the defective condition caused by the ice. The complaint alleged a breach of duty in several particulars, notably that of failing to light the porch. The jury might well have concluded that, since the prospective passenger had arisen before Markee arrived and must have observed that it was still dark outside and realized that the darkness was a source of danger to one entering upon her premises, reasonable care required her to turn on the electric light in the porch ceiling. Her failure to do this might reasonably have been deemed an act of negligence which was a substantial factor in causing Markee to slip and fall upon unseen ice.

In examining the assignment of error urged upon us, we are reviewing the action of the trial court in refusing to set aside the verdict to determine whether its discretion was abused. *Joanis* v. *Engstrom,* 135 Conn. 248, 251, 63 A.2d 151; Maltbie, Conn. App. Proc., p. 150. The verdict of a jury should stand if they could reasonably have reached their conclusion. We cannot say that the court abused its discretion in refusing to set the verdict aside.

There is no error.

In this opinion the other judges concurred.