### JEANETTE LONG v. SAVIN ROCK AMUSEMENT COMPANY, INC.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

---

Argued February 4—decided March 30, 1954

*Robert Y. Pelgrift,* with whom were *Robert E. Cohn* and, on the brief, *Willard J. Lawrence,* for the appellant (defendant).

*Waldemar J. Lach,* for the appellee (plaintiff).

DALY, J.  In this appeal the defendant claims that the court erred in denying its motion to set aside the verdict for the plaintiff.  In her complaint the plaintiff alleged that on May 13, 1951, and for some time prior thereto, the defendant maintained a roller coaster to amuse patrons at its park, that on

that day, as a patron of the defendant, she had completed a ride on the roller coaster and that, while leaving the platform by way of a ramp provided for patrons, she was injured when a board upon which she stepped broke. It was also alleged that the defendant was negligent in failing to inspect the ramp, in not having repaired it and in not having warned the plaintiff of a dangerous condition which had existed for a long time.

The principal question is whether the defendant was chargeable with constructive notice of the defect which caused the injury. The defendant asserts that there was no evidence before the jury upon which they could have found that a reasonable inspection by it would have disclosed a defective condition in the ramp or in any part of it. In support of this contention reliance is placed, at least in part, upon the claim that the evidence adduced by the plaintiff showed the board in question to be much the same in appearance as the other wood in the ramp and hence that there was nothing to distinguish it. As we understand the defendant's contention, it is that neither a visual inspection nor treading upon the ramp would have disclosed the defect and that, since the plaintiff offered no evidence to show what else the defendant should have done, the jury could not reasonably have concluded that it failed to use reasonable care to inspect the ramp.

The fact that the defective condition was not apparent on visual observation or by treading is not decisive in determining whether a reasonable inspection was made. *Klahr* v. *Kostopoulos,* 138 Conn. 653, 656, 88 A.2d 332. It is true that, to charge the defendant with liability, the notice must have been of the very defect which occasioned the injury and

not merely of conditions naturally productive of that defect and subsequently in fact producing it. The greater the likelihood of danger is, however, the greater is the amount of care required in making an inspection of premises to meet the standard of due care. *DeSantis* v. *New England Furniture Co.,* 132 Conn. 134, 138, 42 A.2d 792. The controlling question in deciding whether the defendant had constructive notice of the defective condition is whether the condition had existed for such a length of time that the defendant's employees should, in the exercise of due care, have discovered it in time to have remedied it. *Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 492, 45 A.2d 710. What constitutes a reasonable length of time within which the defendant should have learned of the defect, how that knowledge should have been acquired, and the time within which, thereafter, the defect should have been remedied are matters to be determined in the light of the particular circumstances of each case. The nature of the business and the location of the defective condition would be factors in this determination. To a considerable degree each case must be decided on its own circumstances. *Morris* v. *King Cole Stores, Inc.,* supra, 494.

The propriety of the court's refusal to set aside the verdict is to be tested by the evidence most favorable to the plaintiff. *Markee* v. *Turner,* 140 Conn. 701, 702, 103 A.2d 533; *Sanderson* v. *Bob's Coaster Corporation,* 133 Conn. 677, 678, 54 A.2d 270; Maltbie, Conn. App. Proc., p. 152. The jury reasonably could have found the following facts: The defendant invited the public, including the plaintiff, to use the ramp, which was located on land near the water. It was made of wood, was twenty-five to forty feet long and from three to four feet

wide and was exposed to the elements. The break in the board occurred when the plaintiff, who weighed 125 pounds, stepped upon it with her right foot. The board which broke was of soft wood and was about half way down the ramp, on that part of it which slanted down toward the ground. The board was three to four inches wide and three-quarters of an inch thick. It ran lengthwise along the ramp and was supported on cross members situated four to five feet apart. There was one-quarter of an inch drainage space between the boards in the floor of the ramp. The board broke at a place two or three inches from the cross member to which it had been nailed. It was old and rotten and was in a water-soaked condition. On top, it was dark gray, and on the inside, at the seat of the break, it was damp and dark brown. Neither the board which broke nor the rest of the wood in the ramp had been painted. The broken piece of wood had a dull sound when the plaintiff's brother tapped it with his fist right after the occurrence. A good piece of wood would have had a ringing sound when so tapped. A firm piece of wood, when tapped, would not have had a dull sound. Rain water had flowed down the slanted part of the ramp and soaked in, creating a state of dampness at the joint where the piece of wood which broke had been nailed to the cross member beneath it. It is a matter of common knowledge that wood has a tendency to rot when exposed to continued dampness and water-soaking. The broken piece of wood, which had been left in the possession of the defendant, was not in evidence and was not produced when the attorney for the plaintiff asked the defendant's attorney for it in open court in the presence of the jury.

In examining the assignment of error urged upon

us, we are reviewing the action of the trial court in refusing to set aside the verdict, to determine whether its discretion was abused. The verdict of a jury should stand if they could reasonably have reached their conclusion. *Markee* v. *Turner,* 140 Conn. 701, 705, 103 A.2d 533. There was evidence before the jury upon which they could reasonably have reached their conclusion that a reasonable inspection would have disclosed the rotten condition of the wood and that, therefore, the defendant had constructive notice of the defective condition. We cannot say that the court abused its discretion in refusing to set the verdict aside.

There is no error.

In this opinion the other judges concurred.