LEODORE A. RICKEY *v.* E. H. JACOBS MANUFACTURING COMPANY, INC.

SUPERIOR COURT     WINDHAM COUNTY     FILE No. 9130

Memorandum filed November 15, 1954.

*Charles V. James,* of Norwich, for the plaintiff.

*Day, Berry & Howard,* of Hartford, and *Searls Dearington,* of Danielson, for the defendant.

TROLAND, J. On the 19th of February, 1947, the plaintiff, as a driver for one Pellette, the agent for Railway Express, was engaged in the delivery of certain articles consigned to the defendant Jacobs Manufacturing Company at its premises in Danielson. Plaintiff was familiar with the premises, having made similar deliveries two or three times a week during the four or five months preceding. The procedure for plaintiff was to back his truck from the street to the platform of Jacobs Manufacturing Company so that the tail of the truck became flush with the platform and right in front of a big door. The door was an overhead door; it opened by using a handle on the inside to push the door up. The description of the door available to the jury was limited. At the bottom it was metal or wood for three or four feet. Above the solid section there were little panes of glass in sections. The plaintiff entered the premises himself by going up side steps and through a small door into the receiving room.

On the day in question, plaintiff, being on the inside of the premises, grasped the door by the handle, pushed it up and "figured it was up." He was of opinion he put it up as far as possible. The door started down again. The plaintiff heard it and saw it, put up his arm, put his hand on the solid part of the door, the door kept coming down, and his hand slid into the glass, breaking one of the panes in the bottom row of panes of glass. The broken glass badly cut his hand and wrist. There was no covering over the glass. There was no employee of the Jacobs Company in the vicinity when plaintiff raised the door. On some previous occasions the door had been raised for plaintiff by somebody there. On many occasions he had opened it himself. This door had never given plaintiff any trouble. On the day in question, after he had put the door up as far as possible, plaintiff testified, "Then she came back

down on springs. All these overhead doors if you don't hold them right there, they have a tendency of springing back on you."

Plaintiff's complaint alleges that in making delivery on the day in question "he was obliged to open an overhead door, which said door was not properly balanced or was otherwise defective, and by reason of such condition it suddenly closed, and while endeavoring to re-open it, the plaintiff's left hand and wrist slipped and suddenly went through the glass of said door." This allegation was followed by the statement, "The plaintiff's said injuries were due solely and proximately to the failure of the defendant to exercise reasonable care to have and keep the said door in reasonably safe condition." There was no evidence that the door was not properly balanced or otherwise defective, causing it to close.

Plaintiff claimed that under the allegation "that defendant had failed to exercise reasonable care to have and keep the said door in reasonably safe condition" the jury had the right to consider that the panes of glass, and particularly the pane of glass through which the plaintiff's hand was pushed, were not covered or protected by anything, and that the failure to so cover the glass made the door not reasonably safe for plaintiff's use.

There was no evidence of any other condition making the door defective, except the general observation of plaintiff that "these overhead doors . . . have a tendency of springing back on you." The door was raised. The door came down. The reason for its coming back down was left on the evidence entirely to inferences to be drawn from above statement. The little panes of glass in the door were without protective covering or screen. This condition the jury could have found had existed for some time and the company had notice thereof.

The defendant rested its case without calling any witnesses and moved for a directed verdict. The court reserved decision on said motion and committed the case to the jury.

It seems reasonable to believe that had the glass in the door been covered, plaintiff would not have received the injury complained of. The defendant owed the plaintiff the duty of exercising reasonable care to keep in a reasonably safe condition the part of his premises which it might reasonably have anticipated the plaintiff would use. *Markee* v. *Turner*, 140 Conn. 701, 704. The jury in this case could reasonably have found that this anticipation embraced plaintiff's use of the overhead door. In view of the widespread acceptance and use of overhead doors with unscreened glass windows therein, it is difficult to accept this appliance as inherently dangerous. However, the policy of our law in Connecticut, so often reiterated by our Supreme Court of Errors, is that the verdict of a jury should stand if they could reasonably have reached their conclusion. It was for the jury to say whether the defendant, in permitting its overhead door, with unscreened glass therein, knowing that it would be used by business visitors to its plant, under the conditions described above, failed to keep its premises reasonably safe. It is believed that fair-minded men might reasonably disagree in the determination of above problem. For that reason, the court is of opinion it has not the power to set aside the verdict in this case. The damages awarded are not excessive.

Accordingly, the motion to set aside the verdict and for entry of judgment notwithstanding the verdict is denied.