ROBERT K. KILLIAN, ADMINISTRATOR (ESTATE OF MARK HERSEY) v. ROLAND L. GRANDAHL ET AL., EXECUTORS (ESTATE OF OLOF J. GRANDAHL), ET AL.

O'SULLIVAN, WYNNE, DALY, TROLAND and COVELLO, Js.

Argued October 3—decided November 20, 1956

*Robert E. Courtney, Jr.,* with whom were *Walter J. Sullivan* and, on the brief, *Harold J. Eisenberg,* for the appellants (defendants Grandahl).

*Cyril Coleman,* with whom was *Frank A. Kelly, Jr.,* for the appellee (plaintiff).

WYNNE, J. The defendants were originally a corporation, Connecticut Mechanical Industries, Inc.; three individuals doing business under the name of Grandahl Tool and Machine Company; and three individuals doing business under the name of LaCava's Junk Shop. The plaintiff had a verdict against the corporation and the Grandahls. One of the Grandahls had died after the action was brought, and his executors had been substituted as parties defendant. There was a defendants' verdict for the LaCavas. From the judgment rendered on the verdict, the Grandahls have appealed. The defendant corporation has not appealed. The defendants LaCava made a motion that the appeal be dismissed as to them, on the

ground that if the verdict was set aside in its entirety their interests might be adversely affected. See *Rose* v. *Heisler,* 118 Conn. 632, 633, 174 A. 66. In view of our conclusion on the appeal, it is unnecessary to pass upon the motion.

From the finding it appears that the plaintiff claimed to have proved the following: On November 28, 1951, the plaintiff's decedent was an employee of Billings and Spencer Company in Hartford. This firm owned and in part occupied a building at the corner of Laurel and Park Streets. In this building the defendants Grandahl and the defendant Connecticut Mechanical Industries, Inc., occupied separate spaces. These two firms used magnesium in their respective manufacturing processes. Magnesium was not used by Billings and Spencer. It is inflammable and explosive and as scrap in small chips will, when wet, generate heat and highly inflammable hydrogen gas. Prior to the date of the accident, an employee of the Billings and Spencer Company found on its platform a drum partially filled with metal scrap and water. The water was dumped out and the drum brought into the cutting room of the premises to be used as a receptacle for rubbish. On the morning in question the drum began to smoke and to give forth an offensive odor. At the direction of his foreman, the plaintiff's decedent started to remove the drum from the premises. As he reached the air outside, the contents of the drum flared into a bright, white flame of intense heat. The flame enveloped him. It is conceded that he died as a result. An analysis of the remaining contents of the drum proved that it had contained magnesium. The defendants LaCava collected and disposed of the scrap of the defendant Connecticut Mechanical Industries, Inc., and the defendants Grandahl. It

was the custom of the Grandahls to place the scrap in a metal drum similar to the one involved in the accident. Connecticut Mechanical Industries, Inc., put its magnesium scrap in cardboard cartons and left them for the LaCavas to dispose of as they saw fit. Prior to the day in question, the defendants Grandahl had deposited magnesium shavings in metal drums. One of these, through their negligence, was left on the loading platform of Billings and Spencer and, by mistake, was taken into its plant.

On the foregoing claims of proof, the jury returned a verdict against the defendants Grandahl. The verdict also ran against the Connecticut Mechanical Industries, Inc., but we are not concerned with that corporation because it has not appealed.

The assignments of error filed by the defendants Grandahl are threefold. The first has to do with the court's refusal to set aside the verdict as not supported by the evidence. The second error claimed is the court's denial of the Grandahls' motion for judgment notwithstanding the verdict. The final assignment has to do with one paragraph in the court's charge. It is not claimed by the defendants Grandahl that the defendants LaCava were responsible by reason of supervening negligence because of their manner of using the metal drums in removing metal scrap from the two plants.

The propriety of the court's refusal to set the verdict aside is tested by the evidence most favorable to the plaintiff. *Sanderson* v. *Bob's Coaster Corporation,* 133 Conn. 677, 678, 54 A.2d 270. The verdict of a jury should stand if they could reasonably have reached their conclusion. *Markee* v. *Turner,* 140 Conn. 701, 705, 103 A.2d 533. The validity of the verdict must be tested by giving the plaintiff's evidence the most favorable interpreta-

tion which it will fairly and reasonably bear. *Briggs v. Becker,* 101 Conn. 62, 63, 124 A. 826. There was ample evidence to support a conclusion by the jury that the Grandahls were negligent in the manner in which they handled and disposed of their magnesium waste and that the drum which burst into flame was one of the drums used by them. There being but one drum containing magnesium waste, under the evidence adduced, Connecticut Mechanical Industries, Inc., could properly be held guilty of negligence on the theory and finding that in the disposal of its small quantity of magnesium waste, that waste had been commingled with the magnesium waste in the drum used by the Grandahls. This theory and finding is not strongly supported, but we are not concerned with it because Connecticut Mechanical Industries, Inc., has not appealed.

It is argued that the court was in error in that part of the charge in which it defined the care required in the case of "explosives." There was evidence that magnesium chips when wet will generate heat and hydrogen, a highly inflammable gas. The jury could not have been misled by the court's use of the descriptive word "explosives."

In the course of oral argument before this court, counsel for the defendants Grandahl cited *Fabrizi v. Golub,* 134 Conn. 89, 55 A.2d 625. That case is clearly distinguishable. Here there was a claim, which the jury could have found proven, that the defendants Grandahl put magnesium scrap in the drum and through negligence left the drum where it could be taken by mistake into the premises where the plaintiff's decedent worked.

There is no error.

In this opinion DALY, TROLAND and COVELLO, Js., concurred; O'SULLIVAN, J., concurred in the result.