JOSEPHINE TABSHEY *v.* SEBASTIANO FIUME

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued December 4, 1963—decided January 21, 1964

*Harold F. O'Brien,* for the appellant (defendant).

*Anthony L. DiLorenzo,* for the appellee (plaintiff).

ALCORN, J. The plaintiff sued her father to recover damages for personal injuries sustained when she fell on the waxed floor of the kitchen in her father's house. The case was tried to a jury, which failed to answer interrogatories which were submitted by the court. The jury did, however, return a general verdict awarding damages to the plaintiff.

The defendant has appealed, assigning error in the court's denial of a motion to set aside the verdict, in the acceptance of the verdict without answers to the interrogatories, and in the charge.

The essential facts are not disputed. It was customary for the plaintiff to visit her father's house periodically to prepare the payroll for his employees, to run errands and to do other domestic chores for her parents. On the evening prior to her fall, the plaintiff, accompanied by her three small children, went to her father's house, and, after putting the children to bed, retired about 9 or 9:30 p.m. After the defendant and all others in the house had retired for the night, the plaintiff's mother waxed the kitchen floor. About 8 o'clock on the following morning, and before any of the others had arisen, the plaintiff entered the kitchen. While there she slipped on wax on the floor and fell, sustaining the injuries complained of.

There is no evidence that the plaintiff's mother acted as the defendant's agent in waxing the floor. She was not the defendant's agent or servant merely by reason of the fact that she was his wife. General Statutes §§ 46-9, 52-79; *Laube* v. *Stevenson*, 137 Conn. 469, 475, 78 A.2d 693; see *Deacy* v. *McDonnell*, 131 Conn. 101, 104, 38 A.2d 181. The only condition claimed to have caused the plaintiff's fall was the wax applied by the plaintiff's mother after everyone else had gone to bed. There is no evidence that the plaintiff's father, the only defendant in the case and the owner of the house, had any knowledge, either actual or constructive, that the plaintiff's mother had waxed the floor after he had retired for the night. Before the defendant could be found negligent, there had to be evidence sufficient to establish that he had notice of the condition which caused the plaintiff's

fall. *Bernstein* v. *Grand Union Co.*, 148 Conn. 726, 727, 169 A.2d 267; *Long* v. *Savin Rock Amusement Co.*, 141 Conn. 150, 153, 104 A.2d 221. The evidence before the jury was insufficient to impose liability on the defendant, and the court should have set the verdict aside. See *Markee* v. *Turner*, 140 Conn. 701, 704, 103 A.2d 533. In view of this conclusion, it is unnecessary to consider the other assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to set the verdict aside.

In this opinion the other judges concurred.