[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The essential facts of this case are not in dispute. On November 15, 1992 at about 10:00 p.m the plaintiff and a friend arrived at Filmore's Cafe, a barroom owned, operated and controlled by the defendant Gerald Golarz. Upon arrival, the plaintiff seated himself at the bar upon a bar chair which had a back which was affixed to the chair by six or eight spikes, rungs or spindles. After having one drink while seated in the chair, the plaintiff leaned back to remove his wallet from his back pants pocket. Upon doing this all six or eight rungs fractured and became separated from the chair. The plaintiff was caused to fall backward onto the floor and on top of the rungs and chair back. The plaintiff was seriously injured.
As a business invitee, the defendant owed him a duty to keep their premises in a reasonably safe condition. The plaintiff has the burden of proving the defect claimed and that the defendant had actual or constructive notice of the defect within a reasonable time to remedy it. CT Page 1400
There is no evidence in this case that the defendant had actual notice of the alleged defect.
The plaintiff urges the court to find constructive notice because he contends that the condition existed for a period of time sufficient for defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it. In this regard the plaintiff argues that a reasonable inspection would have disclosed the defect.
The plaintiff refers to Long v. Savin Rock Amusement Co.,141 Conn. 150 in support of his claim that the defendant was negligent in failing to inspect the chair. He argues that the greater the likelihood of danger the greater is the amount of care required in making an inspection. Long involved a wooden ramp to a roller coaster. It was located on land near water and was exposed to the elements. It was old, rotten and in a water-soaked condition. Its condition could be determined by touch.
The bar chair in question, while higher than a table chair did not necessarily create a greater danger than other chairs. Defendant's bartender testified that there was a hands-on inspection when the chairs were moved by employees daily as the premises were cleaned and the chairs relocated at the bar. When plaintiff seated himself he noticed nothing wrong with the chair. Others had previously sat on the same chair during the same evening and mentioned no problem to the bartender.
The plaintiff has failed to prove that defendants failed in their duty to inspect or that it had actual or constructive notice of a defect.
Judgment may enter for the defendants.
SO ORDERED,
Langenbach, J. CT Page 1401