STEPHEN IODICE *v.* GEORGE RUSNAK ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued February 7—decided February 28, 1956

*Samuel C. Derman,* with whom was *Jacob J. Goldman,* for the appellants (defendants).

*Samuel Engelman,* for the appellee (plaintiff).

WYNNE, J. In this action the plaintiff seeks to recover a broker's commission on the claim that he had produced customers ready, willing and able to buy property listed with him by the then owners on terms which the latter had fixed. The court rendered judgment for the plaintiff, and the defendants appealed.

From so much of the finding as is unchallenged, the following facts appear: In April, 1952, George and Katherine Rusnak were joint owners of property at 208-210 Brooks Street in Bridgeport. There

was no mortgage upon the property. The owners listed it for sale with the plaintiff and agreed to pay him a commission of 5 per cent if he produced a customer ready, willing and able to purchase the property upon their terms. The established sale price was $14,000. The plaintiff brought the property to the attention of Bertram A. and Florine Taylor, husband and wife. On or about June 1, 1952, the plaintiff prepared a contract of sale which he brought to the home of the Rusnaks. This contract fixed the selling price of the property at $14,000, represented by a $500 deposit which the plaintiff was to obtain from the Taylors, a $7000 bank mortgage and a $6500 purchase money mortgage. The closing day was to be June 10, 1952. On June 2, the Taylors signed the contract, having paid the $500 deposit to the plaintiff, and George Rusnak signed it. It was presented to Mrs. Rusnak but she refused to sign it.

The court also found that Mrs. Rusnak thereafter lost interest in the proposed sale, but that on June 8, 1952, her interest was rekindled and she expressed a desire to consummate the transaction.

The fatal defect in the plaintiff's case is the lack of any finding that the plaintiff produced a purchaser who was ready, able and willing to buy the property upon terms agreeable to Mrs. Rusnak. She was a joint owner with her husband George. To make her liable for a commission, it must appear that the proposed terms were agreeable to her. *Hancock Co.* v. *S. Z. Poli Corporation*, 113 Conn. 545, 550, 155 A. 914. The finding that Mrs. Rusnak's interest was rekindled and that she expressed a desire to consummate the transaction is attacked by the defendants. However, as it stands it is not adequate to establish the fact that the terms upon

which the plaintiff's customers were willing to pur-
chase were agreeable or acceptable to Mrs. Rusnak.
It is not claimed that George Rusnak's signature on
the proposed contract bound Mrs. Rusnak. The
marital status does not give rise to an agency.
Agency has to be proved by a preponderance of the
evidence. *Cyclone Fence Co.* v. *McAviney*, 121
Conn. 656, 659, 186 A. 635.

The view we take of the case makes it unnecessary
to consider the claimed error in a ruling on evi-
dence.

There is error, the judgment is set aside, and a
new trial is ordered.

In this opinion the other judges concurred.