## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES OF THE STATE OF CONNECTICUT *v.* STEFANO VENERI ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 11—decided July 9, 1968

*David B. Beizer,* assistant attorney general, with whom were *Bernard F. McGovern, Jr.,* assistant attorney general, and, on the brief, *Robert K. Killian,* attorney general, and *F. Michael Ahern,* assistant attorney general, for the appellant (plaintiff).

*Timothy C. Moynahan,* for the appellees (defendants).

THIM, J. The plaintiff instituted the present action alleging that the defendants, husband and wife, in violation of General Statutes § 53-35, as amended by No. 177, § 1, of the 1967 Public Acts, refused to rent an apartment unit to Bert T. Pittman because he is a Negro. Pursuant to General

Statutes § 53-36a, as amended by No. 177, § 2, of the 1967 Public Acts, the plaintiff sought to have the defendants temporarily and permanently enjoined from renting the apartment unit to anyone other than Pittman. The trial court granted the temporary injunction but subsequently rendered judgment denying the plaintiff's request for a permanent injunction. The plaintiff has appealed to this court directly. General Statutes § 53-36b, as amended by Public Acts 1967, No. 177 § 3.

The case is submitted on a stipulation of facts which reveals the following: The defendants, Stefano and Giovannina Veneri, are the joint owners of a three-family apartment house in Waterbury. On January 8, 1968, an advertisement appeared in a Waterbury newspaper that an apartment unit in the defendants' building was available for rent. Pittman called the telephone number listed in the advertisement and made arrangements with Mrs. Veneri, the defendant wife, to see the apartment. At approximately 1 p.m. on January 9, 1968, Pittman met Mrs. Veneri at the apartment building and was told by her that the apartment unit had been rented. Pittman never saw or spoke to the defendant husband. Five hours after Pittman had been told that the apartment unit had been rented, Mrs. Veneri informed another caller that the unit was still available. At 7:30 p.m. on January 9, 1968, two white persons referred to in the stipulation as "testers," were shown the apartment unit by Mrs. Veneri. While she was showing them the apartment unit, Mrs. Veneri made several deprecatory remarks about Negroes. The defendant husband was present during parts of the conversation which his wife was having with the two testers who were viewing the apartment, but he remained silent. Mrs. Veneri

agreed to rent the apartment to the two testers. Although her husband had not agreed to the rental, Mrs. Veneri accepted a rent deposit and signed his name to a receipt.

On the basis of the aforementioned facts, the trial court concluded that Mrs. Veneri had discriminated against Pittman because of his color but that in so doing she was not acting as her husband's agent. The court also concluded that Mrs. Veneri was not acting as her husband's agent for the purpose of renting the apartment unit. It determined that it could not permanently enjoin the defendant husband, and it also decided that it could not enjoin Mrs. Veneri, even though she had discriminated against Pittman. The court reasoned that, because the apartment building was jointly owned, it would be impossible to enjoin only one of the joint owners thereof.

The plaintiff claims the court erred in concluding that Mrs. Veneri was not acting as her husband's agent in renting the apartment unit. Although the plaintiff concedes that there was no proof that Mrs. Veneri had the actual authority to act as her husband's agent in renting the unit, it claims, nonetheless, that she had the apparent authority to do so.

The conclusion of the court that Mrs. Veneri was not her husband's agent in renting the apartment unit must stand unless it is legally or logically inconsistent with the facts or unless it involves the application of an erroneous rule of law material to the case. *Fritz* v. *Mazurek,* 156 Conn. 555, 559, 244 A.2d 368. As we have noted, the plaintiff maintains that the facts demonstrate that Mrs. Veneri had the apparent authority to act on behalf of her husband in renting the apartment unit. "Apparent authority is that semblance of authority which a

principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses. *Quint* v. *O'Connell*, 89 Conn. 353, 357, 94 A. 288." *Lewis* v. *Michigan Millers Mutual Ins. Co.*, 154 Conn. 660, 665, 228 A.2d 803. Proof of the existence of the marital relationship is insufficient to establish the agency relationship which is claimed. See *Iodice* v. *Rusnak*, 143 Conn. 244, 247, 121 A.2d 275. Also, the fact that the defendants own the apartment building jointly does not make one the agent for the other in leasing a portion of that property. Note, 49 A.L.R.2d 797, 798. The stipulation, because of its paucity of facts, fails to establish that the defendant husband, by his own acts or omissions, created or engendered the illusion that his wife had the authority to represent him in renting the apartment unit. We cannot say that the conclusion of the court that Mrs. Veneri was not acting as her husband's agent in renting the apartment unit was illogically or illegally drawn from the facts. Because the plaintiff has failed to establish any agency relationship, we have no need to consider whether, even if a general agency relationship were shown, the defendant husband would be liable for the discrimination practiced by his wife without his authority or knowledge. See *Matter of State Commission for Human Rights* v. *Suburban Associates, Inc.*, 55 Misc. 2d 920, 922, 286 N.Y.S.2d 733.

The plaintiff claims that the trial court erred in concluding that it would be impossible to issue a permanent injunction against Mrs. Veneri individually because the property is jointly owned. We agree. Mrs. Veneri, as a joint tenant, has an individual interest in the property capable of being leased. 20 Am. Jur. 2d 202, Cotenancy and Joint

Ownership, § 101; 48 C.J.S. 936, Joint Tenancy, § 15; note, 49 A.L.R.2d 797, 798; cf. General Statutes § 47-14e. Because she has such an interest and because she was found to have refused to lease to Pittman because of his color, the trial court had the power, in the exercise of its sound discretion, after balancing the equities, to enjoin her individually from refusing to lease her interest to Pittman or to any other person solely because of color. It is true that the phrasing of an injunction order which would operate equitably as to all persons affected would not be easy. But the trial court's error lay in deciding that, as a matter of law, a permanent injunction could not issue against Mrs. Veneri individually. The case must be remanded to afford the trial court an opportunity to exercise its discretion in deciding whether equity dictates that such an injunction should issue.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.