8 In the Matter of AVIS-HIGH BENNETT RENT-A-CAR, INC., Petitioner, v. STATE HUMAN RIGHTS APPEAL BOARD, Respondent.— Proceeding pursuant to section 298 of the Executive Law to review so much of an order of the State Human Rights Appeal Board, dated October 18, 1971, as, after striking an award of damages from an order and decision of the State Division of Human Rights, dated March 29, 1971 (second ordering par., subd. [a]), affirmed the remainder of said order and decision of the Division of Human Rights, in which proceeding said Division cross-moved for enforcement of the order of said Appeal Board. The order of the Division of Human Rights contained a finding that petitioner, an automobile rental firm, had refused to rent a motor vehicle to the complainant because the latter had previously filed a complaint against petitioner charging it with racial discrimination and directed petitioner (1) to cease and desist *inter alia* from refusing to rent a motor vehicle to the complainant or any other person or persons in retaliation for the filing of a complaint or because of their race, creed, color or national origin and (2) *inter alia* to take certain affirmative steps toward complying with the Human Rights Law (Executive Law, art. 15). Order of the Human Rights Appeal Board modified, on the law, by inserting therein (1) a decretal provision that the order of the Division of Human Rights is further amended by adding thereto a conclusion that the petitioner did not refuse to rent a motor vehicle to the complainant because of the latter's race, creed, color or national origin; (2) a provision deleting from the first ordering paragraph of the order of the Division the portion which directs petitioner, its agents, etc., to cease and desist from refusing to rent a motor vehicle to the complainant or any other person or persons "because of their race, creed, color or national original"; and (3) a provision deleting the entire second ordering paragraph of the order of the Division, which includes the directions that the petitioner take certain affirmative steps towards complying with the Human Rights Law. As so modified, order of the Appeal Board confirmed insofar as review was sought and cross motion of the Division of Human Rights granted only as to the order of the Appeal Board as herein modified and confirmed, without costs. In the complaint under review the complainant, Orenza McKinney, alleged that petitioner had refused to rent a motor vehicle to him because he was a Negro and because he had filed the previous complaint with the Division charging petitioner with racial discrimination. Neither the Commissioner of the Division nor the Appeal Board made any findings with respect to the racial discrimination charge. In our opinion, substantial evidence was adduced at the

Division hearing to warrant the Commissioner's determination that petitioner had committed a retaliatory act against the complainant in violation of the Human Rights Law (Executive Law, § 296, subd. 7). The record reveals that on November 1, 1970 High Bennett, then petitioner's president, refused to rent a motor vehicle to the complainant because the latter had previously filed a complaint with the Division against petitioner. Since that action was within the scope of Bennett's office, that portion of the Division's order finding illegal retaliation was properly made against petitioner (cf. *Matter of State Comm. for Human Rights* v. *Suburban Assoc.*, 55 Misc 2d 920, mod. in other respects 34 A D 2d 662). However, no evidence was adduced to show that Bennett or any other of petitioner's employees had ever refused to rent a motor vehicle to the complainant because he was a Negro. Accordingly, we hold that the Commissioner should have also found that petitioner had not practiced racial discrimination against the complainant. Section 297 (subd. 4, par. c) of the Executive Law provides, *inter alia*: "If, upon all the evidence * * * the commissioner shall find that a respondent has engaged in any unlawful discriminatory practice * * * the commissioner shall state findings of fact * * *. If, upon all the evidence, the commissioner shall find that a respondent has not engaged in any such unlawful discriminatory practice, he shall state findings of fact". The thrust of this statutory language mandates that the Commissioner make a finding either that the alleged discriminatory practices were directed against the complainant or that they were not. We also conclude that the Commissioner should not have inserted provisions in his order which directed petitioner (a) to cease and desist from practicing racial, religious or national origin discrimination in the future; (b) to take affirmative steps to make its facilities available to all persons, regardless of race, creed, color or national origin; (c) to inform its officers, employees, etc., of the contents of the order; and (d) to make available to the division information and documents to enable the division to ascertain that there has been compliance with the order. Since there is no evidence in the record to indicate that petitioner has ever engaged in racial, religious or national origin discrimination, we are of the opinion that the directives of the division with respect thereto have no reasonable relation to the offending conduct of petitioner found in the record, to wit, that petitioner had retaliated against the complainant for his having filed the prior complaint (cf. *Labor Bd.* v. *Express Pub. Co.*, 312 U. S. 426; *Matter of State Comm. for Human Rights* v. *Suburban Assoc.*, 55 Misc 2d 920, mod. in other respects 34 A D 2d 662, *supra*). Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Benjamin, JJ., concur.