[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The two above mentioned cases involve the same partied, and the same issues and were tried together with all the evidence being applicable to both. The second case does not include the Zimmers as parties and they are therefore only concerned with the first case. In the first case the plaintiff (Munson) a Connecticut Corporation has brought suit against Betty Mae and Philip Corso husband and wife and Dolores and Edward Zimmer also husband and wife alleging it is the owner of a certain lot No. 6 which may be or is subject to an easement in favor of the defendants. The easement was granted to the common predecessor in title of the defendants in the following language. "I also grant to the said grantee, his heirs and assigns the right to use the trench or conduit as now located on my land adjoining on the south, for sewer and water pipes and for telephone and electric light wires and maintain and repair the same as they are now located, or cross by land in any other suitable location that may be mutually agreed upon." There is in existence a pipe located on Lot No. 6 through which the Corso and Zimmer properties receive their water supply, provided by the Bridgeport Hydraulic Company. The complaint further alleges an agreement between the plaintiff and defendants to relocate the easement and water line so that the plaintiff could build a house on the lot. It further alleges that in reliance on that agreement the plaintiff went to great expense in relocating the water line within the relocated CT Page 1744 easement; that thereafter the defendant repudiated the agreement and therefore breached it; that the plaintiff has a contract purchaser for the lot and a house to be constructed on it by the plaintiff; that the plaintiff is precluded from using Lot No. 6 and cannot market, sell or develop the lot to its financial loss. The second count against the Corso's only alleges those facts and adds the allegation that the Corso demanded $50,000 to allow the removal of the water line which constituted an unfair trade practice in violation of Section 42-110 C.G.S. The third count against all defendants allege intentional unjustified interferences with the plaintiff's business expectancies. The fourth count alleges that the defendants claim estates or interests in lot No. 6 which are adverse to the title and interests of the plaintiff. The fifth count alleges that it is irreparably harmed and has no adequate remedy at law. The plaintiff claims money damages; a determination of the rights of the parties and a settling of the title to the land; a declaratory judgment pursuant to Section 52-29 C.G.S. that the plaintiff is entitled to move the easement; reasonable attorneys fees; double or treble damages under Section 42-110b C.G.S.; a temporary and permanent injunction requiring the defendant to permit the relocation of the easement; an order modifying the terms of the existing easement; specific performance of the agreement, and costs. The Corsos in their answer either deny the allegations or claim insufficient information to form a belief, except for admitting paragraph 12 of the second count which alleges they intend to sub-divide their property, and so much of paragraph 14 as alleges they demanded $50,000. The Zimmers admit to the first five paragraphs of the complaint which allege that they may have an easement and deny all the remaining paragraphs and answer counts three, four and five in the same fashion.
The second suit by the Corsos against Munson (27 12 83) Builders Inc. alleges in the first count that they own an easement in the language hereinbefore stated; that the water pipe supplying their property is located in that easement; that the defendant has an approved sub-division; plans to construct a home over the easement; that the defendant by its excavations has interfered with the easement and that the interference with the easement and threats to further interfere with the easement has caused irreparable harm for which they have no adequate remedy. Count two repeats the allegations of Count one and further alleges severe economic harm. They claim a temporary and permanent injunction against interference with the right to use the easement, compensatory and punitive damages, attorneys fees and costs. The defendant's answer alleges either a denial or claims insufficient information of the paragraphs of the complaint. CT Page 1745
The facts necessary for this memorandum are found as follows: The Coros and Zimmers are the successors in the title to the dominant tenants served by the easement hereinbefore delineated. They receive their water supplies from the Bridgeport Hydraulic Company through a pipe installed in the easement which travels across lots No. 1 and 6 of the Munson sub-division. Munson bought the sub-division with knowledge of the easement. The dimensions of the easement were never proved by any of the parties so that there is no evidence of the width of the ditch or conduit as it existed in 1914 when it was created, however its location is shown on the maps in evidence. When Munson had a party interested in having a house built on lot No. 6 with whom it finally entered into a contract on January 31, 1990, he contacted Dr. Corso about moving the easement and thereafter three meetings occurred two of which included Mr. Zimmer and in which a oral agreement was reached to move the easement by those three. Mr. Zimmer not only agreed during the meetings and in a phone conversation but admitted at trial that he had no objection to the removal of the easement. Dr. Corso in spite of his denial of the agreement, hired a lawyer but only to make sure that the matter was handled legally so far as his rights were concerned and because Munson had a lawyer who had hand delivered the new easement papers to him. Calvin Munson's testimony about the January 1990 meetings. Two weeks after the discussions Munson began the construction by digging the trench and installing the new water line up to the edge of the Corsos premises, in the new easement location on the side line of lot No. 6, and had maps prepared of it all at a cost of about $10,000. Subsequently Dr. Corso notified the plaintiff erected a stone wall three hundred fifty feet in length at a cost of $35,000 and paid an addition $8,000 and $12,000 for legal fees all of which came out in cross examination of Dr. Corso. It may be implied from the meetings of Dr. Corso and the plaintiff's attorney who brought the easement papers prepared at the plaintiff's request to the doctor's home and their discussion of those papers, that Dr. Corso had agreed to the removal of the easement. The attorney would not have prepared the papers or gone to see Dr. Corso, unless he was instructed to do so by his client who understood that an agreement had been reached.
The problems which are critical to this case are the authority of Dr. Corso and Mr. Zimmer to act for all the owners of the easement. The Corso premises are owned solely by Mae Corso, Dr. Corso's wife and Dr. Corso has no legal title of any kind. The Zimmer property is owned jointly by Edward and Dolores Zimmer. There is no evidence of the agreement of the two women to the removal of the easement and water pipes, nor of the authority of Dr. Corso to act for his wife as her agent or Edward Zimmer's authority to act as agent for his wife CT Page 1746 Dolores. Agency is defined as "`the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . .' Restatement (Second), 1 Agency 1." Mclaughlin v. Chicken Delight, Inc., 164 Conn. 317,322, 321 A.2d 456 (1973). Thus, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agents will act for him; (2) acceptance by the agent of the undertaking; (3) an understanding between the parties that the principal will be in control of the undertaking. Restatement (Second), 1 Agency 1 comment b (1958).
The existence of an agency relationship is a question of fact. Conte v. Dwan Lincoln-Mercury, Inc., 172 Conn. 112, 124,374 A.2d 144 (1976); Cleaveland v. Gabriel, 149 Conn. 388, 394,180 A.2d 749 (1962). The burden of proving agency is on the plaintiff; Cyclone Fence Co. v. McAviney, 121 Conn. 656, 659, 186 A. 635 (1936); and it must be proven by a fair preponderance of the evidence. Leary v. Johnson, 159 Conn. 101,105, 267 A.2d 658 (1970); Iodice v. Rusnak, 143 Conn. 244,247, 121 A.2d 275 (1956). Marital status cannot in and of itself prove the agency relationship. Commission on Human Rights Opportunities v. Veneri, 157 Conn. 20, 24,244 A.2d 401 (1968); Iodice v. Rusnak, supra, 247, Cyclone Fence Co. v. McAviney, supra, 659. Nor does the fact that the defendants owned the land jointly make on the agent for the other. Commission on Human Rights Opportunities v. Veneri, supra, 24." Botticello v. Stefanovicz, 177 Conn. 22, 25. See Long v. Schull, 184 Conn. 252, 256; Gordon v. Housing Authority,208 Conn. 161, 184. Neither Mrs. Corso nor Mrs. Zimmer testified at trial, and there is no evidence to establish that Dr. Corso and Mr. Zimmer were their agents. As the Botticello, case supra 26 points out marital status itself cannot prove the agency relationship, nor does joint ownership make one the agent for the other. It follows therefore that the Corso premises owned solely by Mrs. Corso is not affected by Dr. Corso's agreement to remove the easement, nor is the joint interest of Dolores Zimmer affected by the agreement of Edward Zimmer to said removal.
There is no evidence upon which this court can find apparent authority of Dr. Corso for his wife Mae Corso and Mr. Zimmer for his wife Dolores. "Apparent authority is derived not from he acts of the agent but from the deliberate or inadvertent acts of the principal" Edart Truck Rental Corp. v. B. Swirsky Co., 23 Conn. App. 137, 139. There is no evidence to demonstrate that Mae Corso and Dolores Zimmer held their husbands out as possessing sufficient authority to embrace the CT Page 1747 acts in question or knowingly permitted them to act as having; such authority. Secondly there is no evidence that Munson acted in good faith reliance on any appearance of authority. Edart Tuck Rental Corp v. B. Swirsky Co., supra 139.
While the issue of Statute of Frauds, Section 52-550
C.G.S. had not been raised by the parties, the court feels that it should be covered. Without question an easement in land is such an interest in real property as to bring it within that statute. "Contracts that would otherwise be unenforceable without a writing sufficient to comply with the Statute of Frauds, General Statutes 52-550, are nonetheless enforceable because of part performance if two separate but related criteria are satisfied. First, the contract alleged must satisfy the evidentiary function of the Statute of Frauds. "[T]o constitute part performance the conduct relief upon must be referable to and consistent with the oral agreement.' Andrews v. New Britain National Bank, 113 Conn. 467, 474,155 A. 838 (1931); Santoro v. Mack, 108 Conn. 683, 691, 145 A. 273
(1929). Second, the conduct alleged to have been induced by reliance on the oral agreement must be of such character that "repudiation of the contract by the other party would amount to the perpetration of a fraud." Santoro v. Mack, supra, 690. These criteria have recently been restated to require a showing that "the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement." Restatement (Second), Contracts 197 (Tentative Draft No. 4, 1986)." H. Pearce Real Estate Co. v. Kaiser, 176 Conn. 442,443. From the evidence hereinbefore found by the court it is apparent that the requirements of the aforementioned case have been met and that the agreement is removed from the Statute of Frauds as a result of the part performance by Munson. In addition the two Easement Agreements in evidence are sufficient memorandums to take the agreement out of the Statute of Frauds that they state the contract with such certainty that its essentials are known, in that they describe the subject of the easement, the terms of it and the parties to it. See Shelinsky v. Foster, 87 Conn. 90, 96. The court's coverage of the Statute of Frauds is intended to apply to the individual interest of Mr. Zimmer who, it finds, did make an effective agreement with Munson for the removal of the easement and water pipe. The court further finds that there is no agreement with Mrs. Corso or Dolores Zimmer with respect to their ownership of the dominant tenement. In Munson v. Corso, et al 27 16 40 Judgment may enter for the defendants Dr. Philip Corso, Mae Corso and Dolores Zimmer on all counts, since there is no evidence that Dr. Corso had and interest in Mae Corso's premises, that the women agreed to the easement removal nor is CT Page 1748 there proof that their husbands were authorized to act as their agents. Judgment shall also enter against Mr. Zimmer since he agreed and is now in agreement to the removal of the easement, on counts 1, (he is not included in count 2), 3, 4, 5 and on count 6 a declaratory judgment may enter that the plaintiff has a valid contract with Edward Zimmer for the removal of the easement and water pipe. On the plaintiff's claims for relief no money damages are awarded since none have been proved; the rights of the parties have been hereinbefore stated; no attorneys fees are awarded; no injunction may issue since the interests of Mae Corso and Dolores Zimmer are unaffected and remain in full force; the request to modify the existing agreement is denied as are the requests for specific performance and costs. In the second case 27 12 83 judgment may enter for the defendant since there is no present proof of danger or harm to the plaintiffs, certainly to Dr. Corso who has no interest in the premises, and Mrs. Corso has not testified that she feels in danger of the easement being effected. No costs are awarded to either party, in both cases.
IRVING LEVINE, State Trial Referee