[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 3, 1996
The defendant Domino's Pizza, Inc. has moved for summary judgment on the second count of the plaintiff's amended complaint. The plaintiff brings this action claiming that he suffered personal injuries when the motor vehicle which he was operating was struck by a motor vehicle owned and operated by the defendant Rebecca Norville. The plaintiff alleges in the second count of CT Page 6278 his complaint that at the time of the collision Norville was the agent or employee of Domino's Pizza, Inc., operating her vehicle in the course of her agency or employment. It is undisputed that at the time of the collision, Norville was working for a Domino's Pizza Restaurant located at 77 Meriden Road in Waterbury and was in the course of delivering pizza from that restaurant.
The defendant Domino's Pizza, Inc. (the "Corporation") contends that at the time of the collision, Norville was employed by Pizza Spinners, Ltd., a corporate franchisee of the Corporation, and that she was not acting as an agent or employee of the Corporation. In the affidavit submitted in support of the Corporation's motion for summary judgment, the Corporation's vice president of franchise services states that the Corporation is a Michigan corporation with its principal office located in Ann Arbor, and that the Domino's Pizza restaurant located at 77 Meriden Road, Waterbury has been operated since 1984 pursuant to a franchise agreement with Pizza Spinners, Ltd., (the "Franchisee"). She further states that the Corporation did not "hire, fire, train, pay, schedule for work or discipline" any of the employees of the Franchisee and pursuant to the franchise agreement the Corporation and the Franchisee agreed that they are independent contractors and that the Corporation is not liable for any actions of the Franchisee. She also states that the persons who work at restaurants operated by franchisees, including Norville, are employees of the franchisee and not of the Corporation.
In opposition to the Corporation's motion for summary judgment the plaintiff has submitted portions of the deposition of the defendant Norville. She testified that at the time of the accident she was coming from Domino's at 77 Meriden Road in Waterbury and was delivering pizzas. She testified initially that she was employed by Tom Gray, the owner of Domino's at that address. She further testified that at the time of the accident she was wearing a shirt and hat which said "Domino's" and that the bag in which the pizza was transported carried the name "Domino's." On cross examination, when she was asked if she had ever heard of Pizza Spinners, she replied affirmatively and noted that "Pizza Spinners" appeared on her paychecks. When asked on cross examination whether she was employed by the Corporation or by Pizza Spinners, Ltd., she replied "I'm not sure." With respect to training to do her job at Domino's, Norville testified that she was trained by other employees of the Domino's at 77 Meriden Road, including the owner and the manager, and that she was shown CT Page 6279 a book about how to perform her job. The book referred to "Domino's" and was given to her by the restaurant's manager.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644. 650 (1991). A material fact is one that will make a difference in the outcome of the case. Yanow v. Teal Industries, Inc.,178 Conn. 262, 268-69 (1979). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v.CBS, Inc., 196 Conn. 91, 111 (1985). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing [the motion] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781 (1991).
The issue before the court is whether there is a genuine issue of material fact as to whether Norville was the agent or employee of the franchisor Corporation. In a similar case, where the trial court found that an employee of a franchisee was not the agent of the franchisor, our Supreme Court affirmed the trial court, finding that an "essential factor" in an agency relationship is the right of the principal to direct and control the performance of the work by the agent. McLaughlin v. ChickenDelight, Inc., 164 Conn. 317, 322 (1973). Three elements are required to show the existence or an agency relationship: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an agreement between the parties that the principal will control the undertaking. Gateway v. DiNoia, 232 Conn. 223, 239 (1995).
A party opposing summary judgment must substantiate its adverse claim with evidence which discloses the existence of a general issue of material fact. Haesche v. Kissner, 229 Conn. 213,217 (1994). The party opposing summary judgment "must present a factual predicate for his argument in order to raise a genuine issue of fact." Union Trust Co. v. Jackson, 42 Conn. App. 413,420 (1996). The evidence submitted by the plaintiff here in opposition to summary judgment is that Norville wore a "Domino's" shirt and hat, transported pizza in a bag marked "Domino's," and CT Page 6280 was trained in part with a book which referred to Domino's. This evidence must be accepted by the court as true. Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 110 (1994). The question is whether this evidence is sufficient to establish a genuine issue as to Norville's agency for the Corporation. The court finds that it is not.
The evidence cited by the plaintiff does not go toward establishing any of the three required elements of agency and therefore does not raise a genuine issue of material fact with respect to the plaintiff's alleged agency for the Corporation. Moreover, the fact that the words "Domino's Pizza" appeared on Norville's clothing, the pizza bag and a training manual do not establish that there is a genuine issue whether Norville was an agent for the Corporation. As the parties stipulated, the franchisor Corporation gave the Franchisee a license to use the Domino's trademark as part of the franchise arrangement. This explains the use of the Domino's name by Norville and the Franchisee. The Franchisee agreement further provides that the franchisor Corporation and the Franchisee are independent contractors and that the Corporation is not responsible for the actions of the Franchisee. Our Supreme Court has previously noted that the provisions of a written contract may be relevant to the question of whether an agency relationship exists. McLaughlin v.Chicken Delight, Inc., supra, 164 Conn. 324.
Because Norville's use of the "Domino's Pizza" trademark is explained by the existence of a franchisor-franchisee relationship, it is not inconsistent with the Corporation's contention that Norville was not its agent or employee. The plaintiff's evidence does not demonstrate that there is a genuine issue of fact as to whether Norville was the agent or employee of the Corporation at the time of the motor vehicle accident between the plaintiff and Norville. Norville was not an agent or employee of the Corporation. Accordingly, the Corporation's motion for summary judgment with respect to the second count of the plaintiff's complaint is granted.
VERTEFEUILLE, J.