[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
In this case, the plaintiffs, Debbie Verner "(Verner"), and her minor children, John and Marc Verner, seek to recover for personal injury allegedly suffered by the minor plaintiffs due to their exposure to lead-based paint on the premises where they resided. Their complaint alleges statutory negligence (counts one through three), common law negligence (counts four through six), CUTPA violations (counts seven through nine), and nuisance (counts ten through twelve)
The plaintiffs resided at 932 Howard Avenue in Bridgeport, Connecticut ("Howard") pursuant to a written lease between Verner and the defendants Michael and Magdelina Kellner ("Kellners") commencing on June 1, 1992.[1] The complaint alleges that the Kellners "owned, and/or operated, controlled and maintained" the Howard premises (count 1, ¶ 1). The complaint also alleges, however, that William Pitt Real Estate Limited Partnership ("Pitt"),[2] "was the real estate agent or broker who was responsible for renting" Howard to the plaintiffs and that it "had the responsibility for the management, collection of rent, repair, maintenance and control of the Howard Avenue dwelling." (Id., ¶¶ 6, 8.)
As pleaded, this is a defective premises case and the "traditional principles of landlord premises liability" apply to both the statutory and common law negligence claims[3] that the plaintiffs assert against Pitt. Gore v. People's Savings Bank,235 Conn. 360, 373, 665 A.2d 1341 (1995). To hold Pitt liable under the common law specifications of negligence claimed,[4]
the plaintiffs will have to establish that it acted as an agent of Limited Partnership, the plaintiffs sued WP Enterprises Ltd. and Peter G. Helie, alleged to be the general partners of William Pitt Real Estate Limited partnership. This memorandum will refer to all these defendants as "Pitt" or the "Pitt defendants." the landlord and breached a duty that the landlord owed to them. Likewise, to hold Pitt liable on the alleged grounds of statutory negligence, the plaintiffs will have to establish that it breached a statutory or regulatory duty that the Kellners, either as landlords or owners of Howard, owed to them.[5] Thus, to CT Page 9516 prevail against Pitt, the plaintiffs must establish that Pitt acted as the Kellners' agent.
The Pitt defendants have moved for summary judgment on the complaint. "Practice Book § 384 [now § 17-49] mandates that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Emphasis omitted; internal quotation marks omitted.) Budris v. Allstate Ins. Co., 44 Conn. App. 53,56-57, 686 A.2d 533 (1996). "[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Internal quotation marks omitted.) Miller v. United TechnologiesCorp. , 233 Conn. 732, 752, 660 A.2d 810 (1995).
Pitt claims that there is no genuine issue of fact and that it was not involved in renting, managing, collecting rent, repairing and maintaining the Howard premises. The plaintiffs have not argued that Pitt in any way managed, repaired, maintained or controlled Howard or collected rent there nor have they come forward with evidentiary facts or any substantial evidence outside the pleadings;[6] see United Oil Co. v. UrbanRedevelopment Co., 158 Conn. 364, 37979, 260 A.2d 596 (1969); from which it can be inferred that Pitt "had the responsibility for the management, collection of rent, repair, maintenance and control of the Howard Avenue dwelling." (Count 1, ¶ 8.) In opposition, the plaintiffs maintain that there is a genuine issue whether Pitt was the rental agent for the property because Ann Duda ("Duda"), who was employed by Pitt at the time, was involved in renting the Howard apartment to Verner. In their three page memorandum in opposition, the plaintiffs appear to concede that Duda is the sole connection between Pitt and their tenancy at CT Page 9517 Howard.
There are two questions raised by this motion for summary judgment. First, is there a genuine issue of material fact that Duda was acting as Pitt's agent at the time she was involved in renting the Howard apartment to Verner? Second, is there a genuine issue of material fact that Pitt was acting as the Kellners' agent at any time? Although agency is normally a question of fact, when the facts are undisputed the agency relationship can be decided as a matter of law. Hallas v. Boehmke Dobosz, Inc., 239 Conn. 658, 674, 686 A.2d 491 (1997); Russo v. McAviney, 96 Conn. 21, 24, 112 A. 657 (1921). It is appropriate to grant a motion for summary judgment if there are no facts to establish the existence of an agency relationship. See, e.g.,Seaton v. Phillips, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 123221 (Jan. 5, 1995, Lewis, J.); Szymanski v. Hartford Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 363831 (March 17, 1993, Aurigemma, J.), Law v. Contento, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 114884 (March 6, 1992, Rush, J.)
The following facts are undisputed.[7] Duda was employed as a realtor by Pitt in 1991 and late in that year she was the seller's broker for 930-932 Howard Avenue, which was purchased by the Kellners and closed on or about December 20, 1991. Some months later, Duda assisted Michael Kellner, a friend of her son, in renting the Howard apartment to Verner. In so doing, she provided a Pitt real estate form to Verner. Duda used a Pitt form because she needed to produce a written document and she had the form available, but the form was used without Pitt's knowledge. Verner completed the application and returned it to Duda. Subsequently, Verner gave-section 8 papers to Duda and spoke with her approximately three times after which Duda told her she could rent the Howard apartment. In assisting Kellner, Duda was acting on her own accord and without compensation. Pitt had no knowledge Duda was assisting Kellner and received no funds. Duda was not acting as an agent or employee of Pitt or to further Pitt's business and she did not manage, collect rent, repair, maintain or control the property. Verner's rent receipts were all from the Kellners and she does not possess any other document that might have come from Pitt. There is a written lease for the Howard apartment, dated May 27, 1992, between the Kellners as landlords and Verner as tenant for the period June 1; 1992 through May 31, 1993. Likewise, section 8 forms, dated in April 1992 and May CT Page 9518 1992, name the Kellners as the owners/landlords of the Howard Avenue property and make no reference to Duda or Pitt. Notice regarding the presence of defective lead paint at Howard was sent to Magdelina Kellner in September 1993 and January 1994.
The parties have focused on whether Duda was acting as Pitt's agent when she assisted Kellner in renting the Howard apartment to Verner. An essential element of agency is that the agent is doing something at the request of and for the benefit of the principal. See Beckenstein v. Potter and Carrier, Inc.,191 Conn. 120, 138, 464 A.2d 6 (1983); Leary v. Johnson,159 Conn. 101, 105-06, 267 A.2d 658
(1970). The plaintiffs have presented no evidentiary foundation to raise a genuine issue that Duda was in any way furthering Pitt's interests when she helped Kellner, as a favor, rent the Howard apartment to Verner. While Duda was undeniably a Pitt employee at the time, there is no evidentiary foundation to dispute Duda's statement that she did not act as an agent or employee of Pitt or to further Pitt's business.[8]
(Duda affidavit, ¶ 10.) The mere fact that Duda supplied Verner with a Pitt real estate form does not establish any genuine issue that she was acting within the scope of her employment. See Kennyv. Norville, Superior Court, judicial district of Waterbury, Docket No. 120178 (Oct. 3, 1996, Vertefeuille, J.) (17 Conn. L. Rptr. 687). It is uncontradicted that Duda used the form without Pitt's knowledge, on her own accord and not as an agent or employee of Pitt. (Duda affidavit, ¶ 9.)
With respect to any claim of apparent authority, there is no evidence that Pitt, by any acts or omissions, authorized Duda to represent it in her gratuitous dealings on behalf of the Kellners. Hallas v. Boehmke Dobosz, Inc., supra, 239 Conn. 674;Beckenstein v. Potter and Carrier, Inc., supra, 191 Conn. 140-41 (apparent authority determined by acts of principal not acts of agent). While Duda may have acted as the Kellners' agents, her unauthorized actions cannot be imputed to Pitt. "In other states, the doctrine of apparent authority has been used to hold a principal, who represents that another is his servant or agent and thereby causes a third person to rely justifiably on the care or skill of such agent, vicariously liable for harm caused to the third person by the lack of care or skill of his servant or agent. . . . In Connecticut, however, the doctrine of apparent authority has never been used in such a manner." (Citations omitted.) Mullen v. Horton, 46 Conn. App. 759, 771-72,700 A.2d 1377 (1997) CT Page 9519
Furthermore, the facts to establish the existence of an agency relationship between the Kellners and Pitt do not exist. There are three elements required to show the existence of an agency relationship: "(1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking. 1 Restatement (Second) Agency § 1, comment (b)(1958) . . . (Citations omitted; internal quotation marks omitted.) Hallas v.Boehmke Dobosz, Inc., supra, 239 Conn. 673. There is no evidence that the Kellners gave Pitt any authority, actual or apparent, to represent them in renting the apartment. Cf.Commission on Human Rights and Opportunities v. Veneri,157 Conn. 20, 23-24, 244 A.2d 401 (1968) (even joint owner of building is
not agent for other in leasing apartment in the absence of authority).
Indeed, there is no evidence to demonstrate there was any legal relationship between Pitt and the Kellners at the time Verner rented the Howard apartment. In the absence of such a relationship, Pitt owed no duty to the plaintiffs and cannot be held liable for the statutory or common law negligence claims pleaded against it in this case. Since the CUTPA counts are predicated on the claims made in the statutory and common law negligence counts, the absence of any agency relationship either between Pitt and Duda or Pitt and the Kellners is fatal, as a matter of law, to their viability as well.
Likewise, the nuisance counts against Pitt cannot be sustained. "The same considerations affecting negligence apply to a nuisance arising out of negligence." Noebel v. HousingAuthority, 146 Conn. 197, 203, 148 A.2d 766 (1959). See MacLeodv. Gottlieb, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345566 (July 27, 1998, Lager, J.) (holding that negligence, not nuisance, is the appropriate cause of action for claims of personal injury due to alleged exposure to leadbased paint). The plaintiffs have failed to come forward with substantial evidence outside the pleadings that Pitt "controlled part or all of the premises, including the painting and upkeep of the interior and exterior surfaces of the premises" as alleged. (counts 10-12, ¶ 16.) Further, this court has ruled on numerous occasions that the act of leasing premises alleged to contain CT Page 9520 lead-based paint, even to a family with children under the age of six, does not constitute a nuisance as a matter of law. SeeMartinez v. Maturana, 45 Conn. Sup. 334, 714 A.2d 740 (1998);Wright v. Commerce Properties, Inc., Superior Court, judicial district of New Haven, Docket No. 386033 (July 14, 1997, Lager, J.); Lovick v. Nigro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542473 (Feb. 21, 1997, Lager, J.); Sanchez v. General Urban Corp. , Superior Court, judicial district of New Haven, Docket No. 378774 (Feb. 6, 1997, Lager, J.) (19 Conn. L. Rptr. 97).
Pitt has met its burden of demonstrating the absence of any genuine issue of material fact. Accordingly, the motion for summary judgment is granted and judgment shall enter on the complaint in favor of the Pitt defendants: William Pitt Real Estate Limited Partnership, WP Enterprises Ltd. and Peter G. Helie.
Linda K. Lager, Judge